IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                :
                                      :
    RAFAEL L. APONTE HERNANDEZ        :     CASE NO. 04-03877 (GAC)
                                      :
    Debtor.                           :     CHAPTER 13
_____   :

## **DECISION AND ORDER**

On April 12, 2004, Rafael L. Aponte Hernandez ("Debtor") filed a voluntary petition under Chapter 13 in above-captioned case.  The Court gave notice that the claims bar date was August 25, 2004 (Docket #3).  On January 14, 2005, Ford Motor Credit of Puerto Rico ("Ford Motor") filed an unsecured proof of claim in the amount of $13,189.27 (Claims Register, Proof of Claim #4).  On March 14, 2005, the Trustee filed an objection to proof of claim #4, alleging that Ford Motor had failed to comply with Fed. R. Bankr. P. 3002(c), since the claim was filed after the bar date (Docket #11).  On April 1, 2005, Ford Motor filed a Reply to Trustee's Objection to Claim #4, arguing that it had not filed a proof of claim because it was not properly notified of the filing of Debtor's bankruptcy petition (Docket #12).

Pursuant to Fed. R. Bankr. P. 3002(c), creditors are granted ninety (90) days after the first date for the meeting of creditors to file a proof of claim.  The Court notified all creditors that the claims bar date was August 25, 2004 (Docket #3).  Pursuant to Fed. R. Bankr. P. 9006(b)(3), the court's discretion to enlarge the

time to file a proof of claim in a Chapter 13 case is limited to conditions in Rule 3002. However, another exception has been carved out to satisfy the requirements of due process. The Clerk must give notice of the time allowed for the filing of a proof of claim pursuant to Rule 3002. See Fed. R. Bankr. P. 2002(f). Due process requires notice that is "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.), 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 110 S.Ct. 55 (1989)(citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

Moreover, 11 U.S.C. § 726(a)(2)(C) permits distribution of the estate in payment of any allowed unsecured claim, proof of which is "tardily filed under section 501(a) . . . if the creditor that holds such claim did not have actual notice or actual knowledge of the case in time for timely filing of a proof of claim under section 501(a) of this title; and proof of such claim is filed in time to permit payment of such claim." 11 U.S.C. § 726(a)(2)(C).

Since Ford Motor was not given notice of the debtor's petition in bankruptcy, Ford Motor could not timely file a proof of claim. The Court concludes that after receiving notice of the petition, Ford Motor filed its proof of claim. Moreover, the Court concludes that disallowing Ford Motor's claim would amount to a denial of its

2

constitutional guaranty of due process, afforded by the Fifth Amendment to the Constitution of the United States. Accordingly, pursuant to Fed. R. Bankr. P. 3002(c) and 11 U.S.C. § 726(a)(2)(C), the Trustee's objection to Ford Motor's claim will be denied.

**ORDER**

WHEREFORE IT IS ORDERED that the Chapter 13 Trustee's Objection to Claim #4 (Docket #11), shall be, and hereby is DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 7th day of September, 2005.


/s/
Gerardo A. Carlo
U.S. Bankruptcy Judge